UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, UNITED STATES OF AMERICA, *et. al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV420-232 |
| ABANOOB ABDEL-MALAK, | ) ) ) | |
| Defendant. | ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

Petitioner Abanoob Abdel-Malak has submitted what he captions as an "emergency protective order pursuant all writs act 28 U.S.C. § 1651, 18 U.S.C. § 3771; notice of petition; and, verified petition or warrant of removal; defendant's petition for removal and notice of removal to federal court." Doc. 1. He has also filed motions seeking to proceed *in forma pauperis*, doc. 2, the appointment of counsel, doc. 3, "review by a three-judge panel," doc. 4, and an order requiring proper service of process, doc. 5. After reviewing his application to proceed *in forma pauperis*, it appears that he lacks sufficient resources to prepay the filing fee. Accordingly, the Court **GRANTS** petitioner leave to proceed *in forma pauperis*. As his

notice of **REMOVAL** is procedurally inadequate, the Court recommends that the cases be **REMANDED**.[1] The remaining motions are **TERMINATED** with freedom to refile pending the disposition of this recommendation by the district judge.

Petitioner has filed more than 150 pages of documents seemingly seeking the removal of civil and criminal cases pending in the California courts. The filing is a morass of redundant factual assertions, irrelevant legal citations, and obviously omitted information that is completely inscrutable to the Court.[2] For example, it is unclear which cases the petitioner wants to remove. Though the case title references two actions—

---

[1] Because the pleadings are styled, at least nominally, as a "notice of removal," the Court makes clear that no such "removal" is appropriate. Such clarity is warranted because removal is potentially an event of jurisdictional significance. *See, e.g., Ackerman v. Exxon Mobile Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) (effective removal, "deprives the state court of further jurisdiction over the removed case and . . . any post-removal actions taken by the state court in the removed case are void *ab initio*." (citation omitted)). The defects in the pleading, however, are sufficiently egregious that, rather than "remanding" the case, the pleadings might simply be dismissed as frivolous.

[2] It is readily apparent that some or all of the filings were initially prepared in support of a petition for removal to a federal court in California. *See, e.g.*, doc. 1 at 18 (discussing why jurisdiction is proper in the Central District of California as all relevant acts occurred in that district). Similarly, the attached "notice of pre-emptive constitutional challenge to the unlawful discrimination of separate racial classes via *Georgia v. Rachel*" appears to have been prepared by a third-party source. *See* doc. 1-1. Crude efforts at redacting certain information, such as "In the United States District Court for the Southern District of *Blah-Blah Blah-Blah* [sic] Division," are largely ineffective. *Id.*

a civil action pending before the Superior Court of California for the County of Riverside and criminal case is pending before the Superior Court of California for the County of San Diego, doc. 1 at 1—petitioner latter requests the consolidation of four cases to be heard by a three-judge panel in this district, *id*. at 63. Similarly, the parties to the underlying cases are not disclosed.[3] *See id*. at 1.

Primary among the notice's myriad problems is that it is procedurally defective. Removal of both civil and criminal cases is limited to "the district court of the United States for the district and division embracing the place where such [action or prosecution] is pending." 28 U.S.C. §§ 1441(a), 1446(a), & 1455(a). The cases identified by petitioner are pending before the California superior courts for Riverside and San Diego counties. No reference has been made to a claim brought against petitioner in any state court within the geographic footprint of this Court. Therefore, the proper venues for petitioner's notices are Central and Southern Districts of California. 28 U.S.C. § 84(c)&(d)

---

[3] The case caption identifies the opposing parties as "The People of the State of California, United States of America, *et al*." Doc 1 at 1. At no point are the parties encompassed by "*et al*." disclosed.

Additionally, petitioner's notices are incomplete. Notices of removal must comply with Federal Rule of Civil Procedure 11 and include "cop[ies] of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. §§ 1446(a) & 1455(a). Nowhere among the more the 150 pages of materials provided are copies of criminal or civil complaints, proofs of service, or any other filings relating to the state proceedings. The only documents provided in relation to any of the cases are a letter noticing petitioner's upcoming arraignment in the criminal case and a notice vacating that hearing to be rescheduled. Doc. 1 at 3 & 5.

Furthermore, even if removal of both petitioner's civil and criminal cases were proper, it could not be done in a single action. Civil and criminal cases, even if arising from a common nexus of events, are distinct creatures. Among the many distinctions are the higher standards of proof required in criminal matters, the right to counsel that attaches in criminal cases, and differing rules of procedure and discovery. Recognizing these differences and the separate statutes governing of civil and criminal removal, individual notices of removal are necessary for each case. *See* 28 U.S.C. § 1446 (procedure for removal of civil actions); 28 U.S.C. § 1455

(procedure for removal of criminal prosecutions); *see also* 28 U.S.C. § 1443 (removal of civil and criminal civil rights cases). As the notices of removal are inadequate and were improperly filed in this district, the cases should be **REMANDED** to the Superior Courts of California. *See Lomax v. Florida*, 472 F. App'x. 902, 902–03 (11th Cir. 2012) (where removal was improper, the district court lacks subject matter jurisdiction and should remand the case pursuant to 28 U.S.C. § 1447(c)).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 6th day of October, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA