IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, UNITED STATES OF AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABANOOB ABDEL-MALAK, <br><br> Defendant. | CIVIL ACTION NO.: 4:20-cv-232 |

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's October 7, 2020, Report and Recommendation, (doc. 11), to which pro se plaintiff Abanoob Abdel-Malak has not filed an objection but has filed an appeal with the Eleventh Circuit, (doc. 16). That appeal was denied for lack of jurisdiction. The People of the State of California, United States of America v. Abdel-Malak, No. 20-12013 (11th Cir. Jan. 5, 2021). For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.

A holistic review of the docket evidences Abdel-Malak's desperate efforts to avoid potential legal accountability in the State of California coupled with unsubstantiated allegations that the he is the victim of conspiracy and corruption. Through this action, he seeks to remove multiple—largely unidentified—criminal and civil cases from the state courts of California to be litigated in a federal court roughly 2,000 miles away from all relevant events and parties.[1] (*See*

---

[1] In a filing titled "Motion and Notice—For Order Directing Clerk of District Court to Issue Writ of Certiorari to State and Federal Court—refusal by State Court to Certify and transmit State Record [28 U.S.C. § 1447(B)]; and for an Order to Consolidate and transfer in the Interest of Justice Pursuant to 28 U.S.C. §§ 1407, 1404(a) FRCP 42(a)" Abdel-Malak identifies six cases, three of which have been filed

*generally*, doc. 1). He also asks the Court to intervene in those proceedings to prevent his scheduled arraignment and to, ostensibly, quash a bench warrant for his arrest. (Doc. 32).

The Magistrate Judge recommended that this matter be remanded on the basis of multiple procedural defects. (Doc. 11). As discussed in the Report and Recommendation, all of the underlying state court cases that Abdel-Malak seeks to remove are pending in San Diego and Riverside, California. (Id. at 3). These cities are located in the Central and Southern Districts of California, respectively. 28 U.S.C. § 84(c) & (d). All relevant removal statutes limit removal to the district and division that geographically encompass the state court before which the underlying case is pending. 28 U.S.C. §§ 1441(a), 1446(a), & 1455(a). Though Abdel-Malak has suggested that the federal courts of California cannot hear this case, (doc. 32 at 4), he has provided no justification for why the Southern District of Georgia is an appropriate venue or why he can avoid removing to the proper courts. Once removed, he would be free to seek recusal or transfer if he believes that such remedies are appropriate. Regardless, anticipation of any such issue does not alter the statutes' geographical limitations. Therefore, remand is appropriate.

Additionally, Abdel-Malak seemingly wishes to remove multiple criminal and civil cases through a single action. (Doc. 11 at 4–5). Multiple cases that have not been previously consolidated by the state court cannot be removed to the federal courts through a single notice of removal, particularly when those case involve both civil and criminal actions and are pending before different state courts. See, Barrio v. A.C. & S., Inc., 2016 WL 5805585, at *1 (S.D.N.Y.

---

with the California state courts: *Abdel-Malak v. Pierce*, FAMSS 1901320 (Cal. Sup. Ct. Feb. 21, 2019); *Pierce, et al. v. Abdel-Malak*, DVRI1901830 (Cal. Sup. Ct.); and *Pierce v. Abdel-Malak*, E074593 (Cal. App. Ct. Aug. 24, 2020). (Doc. 13 at 2). The Court does not understand that these are the cases Abdel-Malak seeks to remove as at least one appears to be closed, *Pierce v. Abdel-Malak*, E074593 (Cal. App. Ct. Aug. 24, 2020), and a previous attempt to remove another to the Central District of California resulted in the case being remanded for lack of jurisdiction, *Pierce, et al. v. Abdel-Malak*, CV5:19-1808 , doc. 7 (E.D. Cal. Sep. 23, 2019).

Sept. 6, 2016) (noting that "it likely is improper to remove more than one case with a single notice of removal"); Plaintiff 67, 634–69, 607 v. Trans Union, LLC, 2010 WL 4284956, at * 3 (S.D. Tex. Oct. 22, 2010) ("Without proof of an effective consolidation, Defendant was required to file individual notices of removal for each civil action that defendant desired to remove."). Thus, separate notices of removal must be filed for each case. Therefore, as the removal was procedurally defective and improperly filed, the involved state cases, to the extent that they were ever removed, are **REMANDED**. If plaintiff believes that any of the many cases mentioned throughout his pleadings is properly removable, he is of course free to seek removal of that case in particular.

Accordingly, the Court **ADOPTS** the Report and Recommendation (doc. 11) as its opinion. The Court **REMANDS** the state cases to the Superior Courts of California and **DENIES** all pending motions as **MOOT**. The Clerk of Court is **DIRECTED** to enter the appropriate judgment and to **CLOSE** this case.

**SO ORDERED**, this 11th day of January, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA